UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 5:13-CR-60-KKC-REW |
| V. | ) | |
| JAMES G. WELLS, | ) | RECOMMENDED DISPOSITION[1] |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed Defendant's motion for a pretrial psychiatric or psychological examination (DE #11), to which the United States did not object (DE #13).[2] The Court, upon the required findings, ordered a competency evaluation. DE ##14, 15, 18. The Court ordered a custodial evaluation in light of the Government's pending motion for detention and Defendant's request to defer the detention hearing. DE #14; *see also* DE #9.

The evaluation occurred at the Federal Detention Center in Englewood, Colorado ("FDC

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

[2] At the hearing on Defendant's motion for a psychiatric/psychological exam, the Court construed Defendant's motion also as providing notice under Federal Rule of Criminal Procedure 12.2. DE #14 (Minute Entry). The Court then granted the Government's oral motion to extend the competency evaluation to criminal responsibility. *Id.*

1

Englewood"). *See* DE #18. All parties had access to the resulting forensic report (referenced as the "Report") issued by licensed BOP forensic psychologist Dr. Jeremiah Dwyer. DE ##26 (Sealed Forensic Evaluation), 27 (CV of Dr. Dwyer). In the October 10, 2013 Report, Dr. Dwyer opines that Wells is competent for trial purposes.

The Court promptly set a competency hearing, DE #25, and the parties appeared with counsel. DE #29. During the course of the hearing, the parties stipulated to admissibility of the Report, to the Report's findings, and to the examiners' qualifications. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine the evaluator. *Id.*

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework **suggests** that the defense bears the

2

burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the proof as to current competency largely consists of the expert analysis of Dr. Dwyer. In the Report, Dr. Dwyer thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. Dr. Dwyer personally observed Wells via direct interview, subjected Wells to psychological testing, as deemed appropriate, and obtained supplemental information to aid in the evaluation, including legal records and records pertaining to Wells's psychiatric, neuropsychological, and biopsychosocial evaluations conducted through the state court system. The Report describes Wells as "alert, verbal, cooperative, and fully oriented" during the relevant examination period. DE #26 at 10. Dr. Dwyer and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. Dr. Dwyer diagnosed: (1) Alcohol Dependence, Sustained Full Remission; (2) Sedative/Anxiolytic Dependence, Early Full Remission (Controlled Environment); (3) Cannabis Abuse, By History (Controlled Environment); (4) Depressive Disorder, Not Otherwise Specified (N.O.S.); (5) Cognitive Disorder N.O.S. (Decline due to Alcohol Abuse), By History. Dr. Dwyer

3

explained each diagnosis, and he found no impairment sufficient to render Defendant incompetent. With respect to the cognitive disorder diagnosis, for example, Dr. Dwyer concluded that although Wells "may have suffered some cognitive decline as a result of his excessive substance abuse, his cognitive functioning has not been impacted to the degree his competency to proceed is presently impaired." *Id.* at 19.

Additionally, Dr. Dwyer noted that Wells "reported significant lack of recall for any events on the date of his arrest, and he also indicated some difficulty regarding his memory in the time period leading up to his arrest." *Id.* According to Dr. Dwyer, Wells "indicated his poor memory coincides with times where he was under the influence of the substances he used." Dr. Dwyer found, however, that "[a] review of the specific details of the charges against Mr. Wells, as well as the details of both his functioning at the time of the offense, the available legal records, and his current functioning, indicate that Mr. Wells's reported lack of recall would not have a significant impact on his capacity to participate in the legal proceedings." *Id.* Dr. Dwyer also found that Wells "demonstrated an ability to effectively recall and discuss the circumstances of his arrest for the purpose of assisting in his defense." *Id.* at 17-18. After describing and analyzing Wells's understanding of the trial process, ability to participate in his defense, and ability to make relevant decisions, Dr. Dwyer stated, "Overall, Mr. Wells has adequate factual and rational knowledge and abilities in all areas related to competency." *Id.* at 18.

Dr. Dwyer applied the *Dusky* standard in determining that Wells is competent:

> Based on the information available, there is no objective evidence to indicate that Mr. Wells currently suffers from signs or symptoms of a major mental disorder . . . that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense.

4

*Id.* at 20. The mild depression and memory issues would not, per the expert, negatively impact competency. *See id.* at 16, 20. The Report's competency opinion stands unrebutted. Defense counsel provided no observations to conflict with the Report's competency conclusion. In fact, defense counsel indicated that Defendant "seems better" the longer he has been in custody, and, presumably, sober. Further, the Court has not independently observed behavior that conflicts with the examiner's conclusions. In the courtroom, Wells's manner has been appropriate, and he has been responsive both to the Court and to counsel.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Wells competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 24th day of October, 2013.

**Signed By:**
*Robert E. Wier* R E W
**United States Magistrate Judge**