UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:13-cr-60-KKC

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                                **RECOMMENDED DISPOSITION**

JAMES G. WELLS,                                                              DEFENDANT.


On March 3, 2023, this matter came before the Court for a final hearing on alleged violations of supervised release. The violations, and alleged conduct, are as follows:

**Violation No. 1:**

> **Special Condition #7: You must not possess, view, or listen to any form of pornography, or sexually oriented materials.**

On January 30, 2023, this officer reviewed the IPPC computer monitoring report of Wells' smart phone. This investigation led to the discovery of at least 100 images of sexually stimulating pictures of adult females, and at least six sexually stimulating images of what appears to be minor females. Wells was also found to be frequently visiting sites with links to connect with women to have sex. The sites contained numerous pornographic images of naked females. He was also frequenting social media websites including Facebook, Instagram, Pinterest, and Tumbler. The probation office can provide the Court with an external drive containing these images during the violation proceedings or at any time upon request. **This is a Grade C Violation**

**Violation No. 2:**

> **Special Condition #3: You must participate in a program for treatment of mental health/sexual disorders; must undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; must be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the direction and discretion of the probation officer; and, must follow the rules and regulations of the sex offender treatment program as implemented by the probation office.**

1

The conduct described in Violation Number One of this report is in direct violation of the rules and regulations of the sex offender treatment program in which Wells is currently participating. **This is a Grade C Violation**

**Violation No.3:**

**Special Condition #13: You must provide the U.S. Probation Office with accurate information about your entire computer system (hardware/software) and internal/external storage devices; all passwords used by you; and must abide by all rules of the computer Restriction and Monitoring Program.**

During the investigation of Wells' cell phone by this officer, as well as the owner of the computer monitoring program, it was discovered that no screenshots were being captured by the monitoring company after November 9, 2022. "Screen shots" are automatically captured every 30 seconds in order to track the "footprints" of the user while they are using their device. Further investigation concluded that the only way this could have occurred was by Wells disabling that feature on the monitoring application installed on his cell phone. The monitoring company was able to capture this image on November 9, 2022, which led them to conclude that Wells disabled this part of the monitoring device. **This is a Grade C Violation**.

**Violation No.4:**

**Standard Condition #13: You must follow the instructions of the probation officer related to the conditions of supervision.**

On September 29, 2022, this officer instructed Wells to deactivate all social media accounts after this officer discovered he had Facebook, Instagram, Pinterest, Twitter, and TikTok accounts, and was viewing images that bordered on being sexually stimulating. Wells was verbally reprimanded by this officer, and he agreed he did not need to be on any type of social media. Wells deactivated the accounts and sent this officer screenshots to verify he had done so. Based on the search conducted on January 30, 2023, Wells has not complied with this directive and has reactivated many of his social media accounts. Furthermore, Wells recently reported to his counselor as well as this officer that he was not even getting on the internet because "nothing is worth going back to prison." **This is a Grade C Violation.**

On March 3, 2023, the Defendant appeared with appointed counsel for a final hearing on the

alleged violations, when the Court heard testimony offered by United States Probation Officer

Melissa Markwell, which may be summarized as follows:

1. Wells was previously convicted of Distribution of Child Pornography and sentenced to

   a term of 120 months incarceration followed by 10 years of supervision. He was

released from custody on august 28, 2020, but his supervision was revoked after it was discovered that he violated the terms of supervision by possessing a smart phone without permission, which contained nude pictures of females. His supervision was revoked, and he was sentenced to six months in prison, to be followed by a lifetime of supervision.

2.  On February 3, 2023, his probation officer submitted a report outlining more alleged violations of supervision.  At the final hearing, Officer Melissa Markwell testified that while on supervision, it was discovered that Wells was in possession of a smart phone that had been tampered with in that the software installed to monitor and report his use and guard against forbidden conduct had allegedly been disabled.   Inspection of the phone revealed the presence of sexually suggestive images of females in various stages of provocative dress, including young females in bathing suits and young females in their underwear with parts of their bodies exposed.  Testimony at the final hearing revealed that the images did not constitute pornography as they were not sexually explicit, however.  In addition, inspection of his phone revealed that he had been visiting various online websites where individuals connect for sexual purposes. Finally, although Wells had been instructed to delete social media accounts, it was discovered that he had, in fact, reactivated those accounts in violation of his officer's instructions.

Defense counsel conceded at the hearing that the testimony supported a finding that Wells had violated conditions one and four, by a preponderance of the evidence.  However, he argued against finding that the Defendant violated conditions two and three.  The evidence however supports a finding that the Defendant violated all four conditions, as alleged, by a preponderance

3

of the evidence. As established at the hearing, the Defendant possessed and used a smart device after the software designed to monitor and report any improper conduct had been disabled. Inspection of the device further yielded evidence that his social media accounts had been reactivated against the directions of his supervising officer, that he had visited sites designed to connect individuals seeking sexual activity, and it contained images of young females in various stages of undress, all in violation of the conditions of his supervision.

Therefore,

IT IS RECOMMENDED that James G. Wells should be found to have violated all the conditions of supervision as alleged in the report of February 3, 2023. The matter should be scheduled for allocution and sentencing before Judge Karen Caldwell.

Specific objections to this Recommended Disposition must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 10, 2023.



**Signed By:**

**Edward B. Atkins**

**United States Magistrate Judge**

4